

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

**UNITED STATES OF AMERICA**

-vs-                                          Case No. 4:05-CR-60-01-HLM

**DANA DOUGLAS SCOTT**                        Defendant's Attorney:
                                              TIMOTHY CROUCH, ESQ.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to **Count(s) one of the Information**.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. 875(c) | **Threatening Interstate Communications** | 1 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

The Court finds that the defendant does not have the ability to pay a fine and the cost of incarceration. The Court will waive the fine and the cost of incarceration in this case.

Defendant's Soc. Sec. No.:     5887                 Date of Imposition of Sentence:
Defendant's Date of Birth:      1949                              November 1, 2005
Defendant's Mailing Address:
Cartersville, Georgia 30120

Signed this the ____ day of November 2005.

HAROLD L. MURPHY
UNITED STATES DISTRICT JUDGE

4:05-CR-60-01-HLM : DANA DOUGLAS SCOTT

# PROBATION

The defendant is hereby placed on probation for a term of **thirty-six (36) months**.

While on probation, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of probation that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall submit to one (1) drug urinalysis within fifteen (15) days after being placed on supervision and at least two (2) periodic tests thereafter.

2. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

3. The defendant shall submit to a search of his person, property, both real or personal, residence, place of business or employment, and vehicle at the request of the United States Probation Officer.

4. The defendant shall participate in a mental health treatment program approved by the United States Probation Officer, if determined that such participation by the defendant is appropriate.

5. The defendant shall participate in an anger management program approved by the United States Probation Officer, if determined to be appropriate by the probation officer.

6. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires DNA testing for federal offenders convicted of certain felony offenses, the defendant shall cooperate in the collection of a DNA sampling as directed by the United States Probation Officer.

7. The defendant shall not have any contact either directly or indirectly with the organization named Primus, except through his attorney.

8. The defendant shall participate in the Level II Home Confinement Electronic Monitoring Detention Program for a period of **one hundred eighty (180) days**. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence with out "Call Forward", "Call Waiting", Caller ID", a modem, an answering machine, a portable cordless telephone or any device or services which may interfere with the proper functioning of the monitoring equipment. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall be responsible for the payment of said program, based on the ability of the defendant to pay.

4:05-CR-60-01-HLM : DANA DOUGLAS SCOTT

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation office;

2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) The defendant shall support his or her dependants and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer:

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.